UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ROXANNE FALLS, Individually and as Personal Representative of the Estate of CHARLOTTE GAYE SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br> CBS Corporation, et al., <br><br> Defendants. <br><br> In Re: <br> Receivership of Covil Corporation by and through its Receiver Peter D. Protopapas | Civil Action No. 3:19-1948-BHH <br><br> **OPINION AND ORDER** |
| TIMOTHY W. HOWE, Individually and as Personal Representative of the Estate of Wayne Ervin Howe, deceased, and Jeanette Howe, <br><br> Plaintiffs, <br><br> vs. <br><br> Air & Liquid Systems Corporation, et al., <br><br> Defendants. <br><br> In Re: <br> Receivership of Covil Corporation by and through its Receiver Peter D. Protopapas | |
| CHARLES T. HOPPER and REBECCA HOPPER, <br><br> Plaintiffs, <br><br> vs. <br><br> Air & Liquid Systems Corporation, et al., | |

1

|  |  |
|---|---|
| Defendants. | ) |
| | ) |
| In Re: | ) |
| Receivership of Covil Corporation by and through its Receiver Peter D. Protopapas | ) ) ) ) |
| JAMES MICHAEL HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Advance Auto Parts, Inc., et al., | ) ) |
| Defendants. | ) |
| | ) |
| In Re: | ) |
| Receivership of Covil Corporation by and through its Receiver Peter D. Protopapas | ) ) ) |
| DENVER D. TAYLOR and JANICE TAYLOR, | ) ) ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| Air & Liquid Systems Corporation, et al., | ) ) |
| Defendants. | ) |
| | ) |
| In Re: | ) |
| Receivership of Covil Corporation by and through its Receiver Peter D. Protopapas | ) ) ) |

This matter is before the Court on United States Fidelity and Guaranty Company's ("USF&G") notice of removal. (ECF No. 1.) For the reasons set forth in this Order, this case is dismissed as improperly removed and all pending motions are moot.

## **BACKGROUND**

Peter D. Protopapas ("Receiver") was appointed by the Honorable Jean H. Toal

(Chief Justice Ret.), pursuant to South Carolina Code § 15-65-10, as Receiver for Covil Corporation ("Covil"), a dissolved South Carolina Corporation, on November 2, 2018. (ECF No. 10-1.) The order of appointment stated that the Receiver was vested with "the power and authority to fully administer all assets of Covil Corporation," including "the right and obligation to administer any insurance assets of Covil Corporation as well as any claims related to the actions or failure to act of Covil's insurance carriers." (*Id.* at 1.)

The Court is informed that there are more than twenty-five (25) underlying asbestos actions pending in South Carolina state courts against Covil. (*See* ECF No. 10 at 4.) There are related declaratory judgment actions and other insurance-related cases pending in the United States District Court for the Middle District of North Carolina (*Zurich Am. Ins. Co. v. Covil Corporation*, No. 1:18-cv-932) and in this Court (*Covil Corporation v. Zurich Am. Ins. Co., et al.*, No. 7:18-cv-3291; *Protopapas v. Wall Templeton & Haldrup PA et al.*, No. 3:19-cv-01635; *Finch v. Sentry Casualty Co., et al.*, No. 3:19-cv-1827).

On June 14, 2019, in *Covil Corporation v. Zurich Am. Ins. Co., et al.*, No. 7:18-cv-3291, this Court granted Defendant Sentry Insurance, a Mutual Company's ("Sentry") motion to realign co-defendants, thus confirming diversity jurisdiction over the matter, and denied Covil's motion to remand. (*See* ECF No. 67, No. 7:18-cv-3291.) On June 18, 2019, the Receiver filed a motion for status conference in five underlying asbestos actions—itemized in the caption above—to address issues related to pending claims against Covil and the Receiver's ability to administer Covil's assets in accordance with his duly appointed responsibilities. (*See* ECF No. 74-6, No. 7:18-cv-3291; *see also* ECF No. 10-3.) As reflected above, the Receiver added the following designation to the case caption for each of the underlying asbestos actions: "In re: Receivership of Covil Corporation by

3

and through its Receiver Peter D. Protopapas." (*See* ECF No. 74-6, No. 7:18-cv-3291.) Justice Toal first stated her intent to grant the request for a status conference by way of an email from her law clerk to all counsel dated June 21, 2019 (ECF No. 10-3 at 13), then issued a formal order granting the Receiver's motion for status conference on July 5, 2019, indicating that the status conference would convene at the Richland County Courthouse on July 11, 2019 at 10:00 a.m., and requiring the attendance of Zurich American Insurance Company ("Zurich"), Sentry, USF&G, TIG Insurance Company ("TIG"), Hartford Accident and Indemnity Company ("Hartford")[1], and Wall Templeton & Haldrup, PA ("WT&H") (collectively "Insurers") (*see* ECF No. 10-2). Justice Toal found that "the status conference [was] necessary due to the issues affecting the Receiver's abilities to perform his duties as previously ordered by this [c]ourt." (*Id.* at 3.)

On July 2, 2019, by way of a letter to this Court, counsel writing on behalf of USF&G, Zurich, and Sentry requested an in-person scheduling conference. (ECF No. 68, No. 7:18-cv-3291.) The same day, Hartford filed a motion in *Covil Corporation v. Zurich Am. Ins. Co., et al.*, No. 7:18-cv-3291, seeking an order enjoining the Receiver from pursuing a judicial determination regarding the relevant insurance policies in any state court proceeding. (ECF No. 69, No. 7:18-cv-3291.) USF&G, Zurich, and Sentry later filed a motion for joinder to Hartford's motion for permanent injunction. (ECF No. 73, No. 7:18-cv-3291.) Through these filings, the Insurers were, *inter alia*, attempting to avoid appearing at the July 11, 2019 status conference in front of Justice Toal, which they

---

[1] First State Insurance Company ("First State"), a wholly owned subsidiary of Hartford, is also implicated in the various proceedings pending before this Court and is represented by the same counsel as Hartford. (*See* ECF No. 46, No. 7:18-cv-3291.) At this stage of the proceedings, it appears that Hartford and First State are acting together in all relevant filings. Accordingly, for ease of reference, the Court will use the term "Hartford" to refer to both parties.

4

claimed was a surreptitious attempt to undermine this Court's removal jurisdiction. (*See* ECF No. 69-1, No. 7:18-cv-3291.) The Court granted Hartford's request for an expedited briefing schedule and subsequently, on the morning of July 11, 2019, denied the motion for permanent injunction to the extent it sought to prevent the duly noticed status conference set by Justice Toal and reserved ruling on the remainder of the motion. (ECF No. 78, No. 7:18-cv-3291.)

Prior to this Court's ruling on the motion for permanent injunction, on July 10, 2019, USF&G filed the instant notice of removal. (ECF No. 1.) Counsel for USF&G then emailed Justice Toal at 5:53 p.m. on July 10, 2019, stating:

> Earlier today, United States Fidelity and Guaranty Company removed the proceeding captioned "In Re: Receivership of Covil Corporation by and through its Receiver Peter D. Protopapas" to federal court. A copy of the Notice of Removal is attached. In light of this filing, the status conference scheduled under that caption for tomorrow, July 11, 2019 at 10 a.m., is automatically stayed. As a result, [USF&G] will not be appearing in Court tomorrow.

(ECF No. 10-3 at 1.) The Court is informed that Justice Toal convened the status conference as scheduled on July 11, 2019 at 10:00 a.m. (*See* ECF No. 10 at 5.)

## **DISCUSSION**

The notice of removal purports to invoke both federal question jurisdiction (ECF No. 1 at 9–11) and diversity jurisdiction (*id.* at 11–18) as bases for subject matter jurisdiction in this Court. USF&G's arguments in this regard are without merit.

With respect to federal question jurisdiction, USF&G argues, "Federal question jurisdiction exists where a state court action would interfere with the defendant's ability to vindicate a claimed federal right (here, the right to invoke removal jurisdiction) in a pending action or the federal court's ongoing consideration of that right." (*Id.* at 9.) In

5

support of this argument, USF&G cites two cases from the U.S. District Court for the Southern District of New York, *Hodges v. Demchuk*, 866 F. Supp. 730 (S.D.N.Y. 1994) and *Fouad v. Milton Hershey Sch.*, No. 18 CIV. 5674 (PAC), 2019 WL 457567 (S.D.N.Y. Feb. 6, 2019). USF&G fails to note that in both of the cited cases a plaintiff initiated an action against the removing party in state court. *See Hodges*, 866 F. Supp. at 732; *Fouad*, 2019 WL 457567, at *1. That is not true of the instant case. Indeed, it is entirely unclear what "action" USF&G is attempting to remove. None of the Insurers are parties to the five underlying asbestos actions itemized in the caption, and the mere fact that the Receiver included the words "In re: Receivership of Covil Corporation by and through its Receiver Peter D. Protopapas" in the caption of his motion for status conference does not manufacture a new "action" subject to removal. The Court has yet to be provided with any controlling or persuasive authority to suggest that such a state court filing creates a removable proceeding. USF&G's arguments for federal question jurisdiction are unavailing.

The same reasoning operates to nullify USF&G's supposed invocation of diversity jurisdiction and the Court declines to repeat itself. However, there is an additional wrinkle to USF&G's diversity jurisdiction theory that the Court will briefly address. USF&G asserts that "Plaintiff," by which it means the Receiver, is a South Carolina citizen, and even though WT&H is also a South Carolina citizen, this "does not defeat diversity jurisdiction" because WT&H "has been fraudulently joined" and there "has never been a genuine controversy between [WT&H] and the Receiver regarding the matters asserted in this civil action." (*See* ECF No. 1 at 12.) Apart from the confusion over what alleged "civil action" USF&G is asking the Court to adjudicate, it is unclear how WT&H is supposed to have

6

been "joined," whether fraudulently or otherwise, to said "action." USF&G's arguments regarding fraudulent joinder here (*see id.* at 12–17) appear to be an attempt to shoehorn a collateral ruling regarding the viability of the Receiver's claims against WT&H in *Protopapas v. Wall Templeton & Haldrup PA et al.*, No. 3:19-cv-01635, which is pending a ruling from this Court on the Receiver's motion to remand for lack of complete diversity (*see* ECF No. 20, No. 3:19-cv-01635). The Court declines to rule by proxy in the instant case, apparently manufactured out of whole cloth, on issues relevant to another action pending before it.

The Court is not naïve to the procedural and substantive complexity of the litigation at issue in the universe of asbestos claims against Covil. Both the Receiver and the Insurers are battling to have the constellation of insurance issues adjudicated in their preferred forum. The Insurers have made plain their belief that they should not be hailed into state court over matters to which they are not parties. That is an objection they should, and assuredly have, raised with Justice Toal. However, manufacturing a removable "action" in an attempt to stall the underlying state court proceedings is not the answer.

## **CONCLUSION**

For the reasons stated above, this case is DISMISSED as improperly removed and all pending motions (ECF Nos. 6, 7, 8, 10) are MOOT because the Court lacks jurisdiction over this matter.

**IT IS SO ORDERED.**

<u>/s/ Bruce Howe Hendricks</u>
United States District Judge

July 26, 2019
Greenville, South Carolina